```
---------------------------------------------------------------X
UNITED STATES DISTRICT COURT                           :
SOUTHERN DISTRICT OF NEW YORK                          :
---------------------------------------------------------------X
```

ALCIRA C. ORTIZ, AS NATURAL MOTHER
AND LEGAL GUARDIAN OF C.C.,
A MINOR CHILD

            Plaintiff,          Case No.: 08 CIV 2379

    v.                          Demand for Jury Trial   JUDGE ROBINSON

HASBRO, INC., COSTCO, INC. and
JOHN DOES 1-15,

            Defendants.

## COMPLAINT

### JURY TRIAL REQUESTED

Plaintiff, ALCIRA C. ORTIZ, as Natural Mother and Legal Guardian of C.C., a minor child, and files this her Complaint, by and through counsel, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because the Plaintiff is a citizen of a different state than the Defendants.

### PARTIES

2.

Plaintiff, C.C., is a minor child resident of Westchester County, New York. C.C. resides with her natural mother and legal guardian, Alcira C. Ortiz.

1

3.

Defendant Hasbro, Inc. (herein after "Hasbro") is a Rhode Island corporation whose principal place of business is located at 1027 Newport Avenue, Pawtucket, Rhode Island 02862, whose registered agent for service of process is Barry Nagler, who may be served by serving a copy of said Complaint at 1027 Newport Avenue, Pawtucket, Rhode Island 02862. At all times relevant, including at the time of the subject incident, Hasbro was responsible for the design, manufacture, inspection, sale, distribution, and marketing of the Easy Bake Oven. (hereinafter "Oven").

4.

Defendant Costco, Inc., is a Washington corporation whose principal place of business is located at 999 Lake Drive, Issaquah, Washington 98027, whose registered agent for service of process is John Sullivan, who may be served by serving a copy of said Complaint at 999 Lake Drive, Issaquah, Washington 98027. At all times relevant, Costco was doing business in New York in its retail store located at One Westchester Avenue, Port Chester, New York 10573.

5.

The identities of Defendants John Does 1-15 are unknown to Plaintiffs at this time but who designed, manufactured, inspected, sold, distributed, and marketed the Easy Bake Oven. This Complaint will be amended to insert the names of these Defendants when they become known.

**FACTS**

6.

In December 2006, an Easy Bake Oven was purchased as a Christmas present for Natasha Lazo, Plaintiff's ten-year old cousin, at the Costco store in Port Chester, Westchester County, New York. The Easy Bake Oven was taken to the Plaintiff's aunt's residence. On or about December

26, 2006, the Oven was taken out of the box. During a family dinner, on or about February 20, 2007 the Plaintiff suddenly had her hand entrapped in the opening of the Oven while the Oven was activated. C.C. was unable to free her hand, and her hand started to burn inside the Oven. The Plaintiff's aunt tried to free her hand out of the opening of the Oven. The Plaintiff's aunt, unable to free Plaintiff's hand from the oven, unplugged the Oven from the outlet. Plaintiff's hand was finally removed from the Oven severely burnt. The Plaintiff was rushed to the emergency room of a local hospital. C.C. was traumatized for hours and is still suffering from the nightmare of having her hand trapped and burnt in a large box. The incident was a result of the concurrent negligence and/or reckless conduct of the named Defendants whose acts and/or omissions acted in concert resulting in the entrapment and the Plaintiff's injuries.

## CAUSES OF ACTION

7.

The Plaintiffs re-allege paragraphs 1-6 as if fully set forth herein.

8.

The Easy Bake Oven was unreasonably dangerous to the users of the product and those around the product. The Oven was designed in a defective manner and/or was defective because the product deviated in a material way from the manufacturer's specifications or from otherwise similar units manufactured to the same specifications and/or they failed to contain adequate warnings or instruction and/or it breached an express warranty or failed to conform to other expressed factual representations relied upon by the purchaser and user of machinery, equipment or products. The defective and unreasonably dangerous condition of the product was a direct and proximate cause of the injuries to Plaintiff.

9.

The cause of the entrapment of the Plaintiff's hand was the result of either the defective and/or negligent design and the component parts or equipment of the Easy Bake Oven by these Defendants and/or the negligent design and testing of component parts or equipment and/or the failure to warn about the dangers associated with component parts and/or equipment of the Easy Bake Oven by these Defendants.

## STRICT LIABILITY AND PRODUCT LIABILITY

10.

The Plaintiff re-alleges paragraphs 1-9 as if fully set forth herein.

11.

The Plaintiff is informed and believes that the Easy Bake Oven was then in the condition existing when the product was sold and/or delivered to Costco in One Westchester Avenue, Port Chester, New York 10573 and the condition of the Easy Bake Oven remained substantially unchanged when the Plaintiff sustained her injuries.

12.

The Easy Bake Oven was defective in its design, workmanship, construction, manufacture, marketing and testing and investigation, and a result was defective, unsafe and inadequate for the use for which it was made, intended to be used and was being used. The Easy Bake Oven was unreasonably dangerous because of these Defendants' negligence.

## JULY 19, 2007 RECALL OF 1,000,000 EASY BAKE OVENS

13.

On July 19, 2007, the U.S. Consumer Product Safety Commission announced the recall of approximately 1,000,000 Easy Bake Ovens. (Please see Exhibit A). The hazard presented was that young children could insert their hands into the oven's opening and get their hands or fingers caught, posing an entrapment or burn hazard. The Defendants received 249 reports of children getting their hands or fingers caught in the Oven's opening, including 77 reports of burns. The Ovens were sold from May 2006 through July 2007. The recall covers Model No. 65805. The Plaintiff's cousin's Oven is contained in the Recall.

14.

Hasbro negligently, wantonly, or improperly failed to inspect and/or test the Easy Bake Ovens, which proper inspection would have revealed the design and operational defects of this product. The Defendants also failed to warn or adequately warn that the Oven increased the danger of entrapment or burns. The Defendants failed to warn or adequately warn of the extremely dangerous environment created by the Easy Bake Oven.

15.

The Defendants knew, or should have known, that the Easy Bake Oven and the component parts or equipment of the Easy Bake Oven would be used in the Manner complained of, and nevertheless, marketed the use of the Oven to children like Plaintiff C.C. without adequate safety warnings and/or safety instructions.

16.

The Easy Bake Oven and component parts or equipment, if properly designed, manufactured and marketed, would not have been inherently dangerous but, because of its defective design, manufacturing and marketing, were unreasonably dangerous to the Plaintiff who was unaware of the dangers, hazards, and peril posed by the Easy Bake Oven and component parts or equipment.

17.

As a direct and proximate result of the defects in Defendant's Easy Bake Oven and the component parts or equipment of the Easy Bake Oven and of the failure of Defendants to give the Plaintiff adequate safety warnings of those defects, the Plaintiff sustained damages complained of herein. Defendants are liable to Plaintiff pursuant to §402A of the Restatement of Torts (Second) or similar state law.

**BREACH OF EXPRESS WARRANTIES**

18.

The Plaintiff re-alleges paragraphs 1-17 as if fully set forth herein.

19.

The Plaintiff avers that the Defendants are jointly and/or severally liable for the injuries to the Plaintiff, and for the resulting damages, in that the Easy Bake Oven was defectively designed and manufactured and in a defective condition when sold to the Plaintiff thereby violating the express warranties.

20.

The Plaintiff relied upon the skill and judgment of Defendants and upon Defendants' express warranty that Easy Bake Oven was safe.

21.

As a result of the defects in material and workmanship, Defendants breached their express warranty that the Easy Bake Oven was in a marketable condition, safe for user by ultimate users and in particular the Plaintiff.

22.

As a direct and proximate result of the breach of express warranty by Defendants, the Plaintiff sustained damages.

**BREACH OF IMPLIED WARRANTY OF FITNESS**

23.

The Plaintiff re-alleges paragraphs 1-22 as if fully set forth herein.

24.

Defendants impliedly warranted that Easy Bake Oven when used was fit for the purpose for which it was designed, that it was safe and suitable product to be used by children, that the product was equipped with safety features that would protect the users, and that said product was fit and suitable for that purpose. In reliance upon Defendants skill and judgment and the implied warranties of fitness for that purpose, the Plaintiff used and/or operated the Easy Bake Oven.

25.

The Easy Bake Oven was, in fact, not fit for use for its intended purpose and Defendants breached the implied warranties set forth above.

26.

As a direct and proximate result of that breach of warranty, the Plaintiff sustained damages.

27.

Defendant's actions constitute a breach of the implied warranty set forth in §2-314 of the U.C.C. Article 2, and its actions are in violation thereof.

**IMPLIED WARRANTY OF MERCHANTABILITY**

28.

The Plaintiff re-alleges paragraphs 1-27 as if fully set forth herein.

29.

Defendants impliedly warranted that the above-mentioned Easy Bake Oven was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which it was designed and used.

30.

In reliance upon said warranty of merchantability, the Plaintiff used and operated the Easy Bake Oven.

31.

The Easy Bake Oven was not of merchantable quality and was unfit, unsafe, and unsuitable for the purpose for which it was intended.

32.

As a direct and proximate result of that breach of warranty, the Plaintiff sustained damages.

33.

Defendant's actions constitute a breach of the implied warranty set forth in §2-314 of the U.C.C. Article 2, and its actions are in violation thereof.

## NEGLIGENCE

34.

The Plaintiff re-alleges paragraphs 1-33 as if fully set forth herein.

35.

Defendants were careless and negligent in designing, manufacturing, testing, selling and placing into the stream of commerce, the Easy Bake Oven, and in failing to warn potential users and operators of the inherently dangerous characteristics of that product.

36.

The direct negligent acts of the Defendants were the proximate result of the Plaintiff sustaining severe injuries as set forth below.

## WILLFUL AND/OR NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS

37.

The Plaintiff re-alleges paragraphs 1-36 as if fully set forth herein.

38.

The Defendants' actions and/or inactions were malicious, intentional, willful, wanton, grossly careless, indifferent, reckless, and/or negligent and said conduct resulted in the entrapment of the Plaintiff's hand causing the Plaintiff's personal injuries, anxiety, distress, fear, aggravation and inconvenience. The Defendants' acts and/or inactions constitute the direct, sole and proximate cause of the mental and emotional distress suffered by, and continued to be suffered by, the

Plaintiff, and such damages were reasonably foreseeable consequences of Defendants' acts.

## RES IPSA LOQUITUR

39.

The Plaintiff re-alleges paragraphs 1-38 as if fully set forth herein.

40.

The occurrence and injury to Plaintiff C.C. does not ordinarily happen without negligence. The occurrence and injury were caused by an instrument within the exclusive control of the Defendants. The occurrence and injury was not due to contribution or voluntary action by the Plaintiff C.C. Therefore, the Defendants are liable under the doctrine of *Res Ipsa Loquitur*.

41.

Plaintiff C.C. was under seven (7) years old at the time of the incident. Therefore, she cannot be found negligent under the "Rule of Sevens."

## DAMAGES

42.

The Plaintiff re-alleges paragraphs 1-41 as if fully set forth herein.

43.

As a of the Defendants' conduct, the Plaintiff suffered the following damages:

(a)     Physical pain and suffering;

(b)     Emotional and mental anguish and suffering;

(c)     Loss of enjoyment of life;

(d)     Loss of society and companionship;

(e)     Medical and related expenses;

(f)     Upon information and belief, permanent scarring, disfigurement and humiliation.

**PUNITIVE DAMAGES**

44.

The Plaintiff re-alleges paragraphs 1-43 as if fully set forth herein.

45.

Further, the Plaintiff would show that her injuries were directly and proximately caused by the Defendants' and/or their agents, servants, and employees gross negligence, omissions, conscious indifference, and/or utter disregard for the welfare of the Plaintiff and other children, and the Defendants are liable for breach of warranty, negligence, gross negligence, and/or are liable and/or strictly liable under the products liability laws and statutes of the State of New York. Therefore, the Plaintiff is entitled to damages.

46.

The Plaintiff herein would show that the acts of the Defendants were intentional, willful, wanton, insensitive, careless, reckless, and grossly negligent; that their conduct gives rise to punitive damages; and the Plaintiff specifically request the award of such punitive damages.

WHEREFORE, the Plaintiff, ALCIRA C. ORTIZ, NATURAL MOTHER and LEGAL GUARDIAN OF C.C., A MINOR, by and through her attorneys, DEL CARMEN & MANGAL, P.C., prays for relief against Defendants, HASBRO, INC., COSTCO, INC. and JOHN DOES 1-15, as follows:

1.     General damages in a sum in excess of the jurisdictional minimum of this Court;

2.     Medical, incidental, hospital, and service expenses according to proof;

3.     Prejudgment and post judgment interest as provided by law;

4.  Compensatory damages in excess of the jurisdictional minimum of the Court, according to proof;

5.  Consequential damages in excess of the jurisdictional minimum of the Court, according to proof;

6.  Punitive and exemplary damages;

7.  Attorney's fees, expenses, and costs of this action; and

8.  Such further relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.

RESPECTFULLY SUBMITTED, this the 7th day of March 2008.

ALCIRA C. ORTIZ, NATURAL MOTHER
AND LEGAL GUARDIAN OF C.C., A MINOR
PLAINTIFF

BY: _____
YOVENDRA MANGAL, ESQ.

YOVENDRA MANGAL, ESQ. – NY BAR # 4334769
DEL CARMEN & MANGAL, P.C.
87-87 FRANCIS LEWIS BOULEVARD
SECOND FLOOR
QUEENS VILLAGE, NY 11427
TELEPHONE: 718-464-4448
FACSIMILE: 718-464-0034
DCMLAWS@GMAIL.COM

Case 7:08-cv-02379-SCR    Document 1    Filed 03/07/2008    Page 13 of 15

**EXHIBIT A**

# NEWS from CPSC

## U.S. Consumer Product Safety Commission

Office of Information and Public Affairs                    Washington, DC 20207

FOR IMMEDIATE RELEASE　　　　　　　Firm's Recall Hotline: (800) 601-8418
July 19, 2007　　　　　　　　　　　　　　CPSC Recall Hotline: (800) 638-2772
Release #07-245　　　　　　　　　　　　CPSC Media Contact: (301) 504-7908
　　　　　　　　　　　　　　　　　　　Easy-Bake Media Contact: (401) 727-5318

## New Easy-Bake Oven Recall Following Partial Finger Amputation; Consumers Urged to Return Toy Ovens

WASHINGTON, D.C. - The U.S. Consumer Product Safety Commission, in cooperation with the firm named below, today announced a voluntary recall of the following consumer product. Consumers should stop using recalled products immediately unless otherwise instructed.

**Name of Product:** Easy-Bake Ovens

**Units:** About 1 million

**Manufacturer:** Easy-Bake, a division of Hasbro, Inc., of Pawtucket, R.I

**Hazard:** Young children can insert their hands into the oven's front opening, and get their hands or fingers caught, posing entrapment and burn hazards.

**Incidents/Injuries:** Since the repair program announced in February, Easy-Bake has received 249 reports of children getting their hands or fingers caught in the oven's opening, including 77 reports of burns, 16 of which were reported as second and third-degree burns. Easy-Bake also received one report of a serious burn that required a partial finger amputation to a 5-year-old girl.

**Description:** The Easy-Bake Oven is a purple and pink plastic oven that resembles a kitchen range with four burners on top and a front-loading oven. "Easy Bake" is printed on the front of the oven. Model number 65805 and "Hasbro" are stamped into the plastic on the back of the oven. This recall includes all units with the retrofit kit. The Easy-Bake Oven is an electric toy and is not recommended for children under eight years of age. Ovens sold before May 2006 are not included in this recall.

**Sold at:** Toys "R" Us, Wal-Mart, Target, KB Toys and other retailers nationwide from May 2006 through July 2007 for about $25.

**Manufactured in:** China

**Remedy:** Caregivers should immediately take the recalled Easy-Bake Oven away from children, and call Easy-Bake for instructions on how to return the toy oven for a voucher towards the purchase of another Hasbro product.

**Consumer Contact:** For additional information, contact Easy-Bake at (800) 601-8418 anytime, or visit the firm's Web site at www.easybake.com

