UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALCIRA ORTIZ, AS NATURAL MOTHER AND
LEGAL GUARDIAN OF C.C., A MINOR CHILD,

       Plaintiffs,       Case No. 08-CV-2379 (SCR)

  - against -          **DECLARATION OF**
               **JEFFREY J. IMERI**

HASBRO, INC., COSTCO, INC., and JOHN
DOES 1-15,

       Defendants.
-----------------------------------------------------------------X

  I, Jeffrey J. Imeri, Esq., declare under the penalty of perjury that the following is true and correct:

  1.  I am a shareholder in the firm of Marshall, Dennehey, Warner, Coleman & Goggin, attorneys for defendants Hasbro, Inc. (hereinafter "Hasbro") and Costco, Inc. (hereinafter "Costco") in the above-captioned action and, as such, I am fully familiar with the facts and matters stated herein.

  2.  I submit this Declaration in support of Hasbro's and Costco's motion to dismiss the Plaintiffs' punitive damages claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to the Individual Rules of the Honorable Stephen C. Robinson, the undersigned counsel for Hasbro and Costco conferred with Plaintiffs' counsel, Yovendra Mangal, Esq., and a proposed briefing schedule has been submitted to the Court which provides that Plaintiffs' opposing affidavits, declarations and/or answering memoranda of law, if any, will be served and electronically filed by July 14, 2008; Hasbro's and Costco's reply affidavits,

declarations and/or answering memoranda of law, if any, will be served and electronically filed by August 4, 2008.

3. Plaintiffs filed their Complaint on March 7, 2008. Attached hereto as Exhibit A is a true and correct copy of the Complaint in this action.

4. The Complaint essentially asserts a product liability claim relating to a product known as the "Easy Bake Oven" which the Plaintiffs allege "was unreasonably dangerous to the users of the product and those around the product." Exhibit A at par. 8. Plaintiffs allege that Hasbro "was responsible for the design, manufacture, inspection, sale, distribution, and marketing of the Easy Bake Oven." Id. at par. 3. According to the Complaint, the Oven in question "was purchased as a Christmas present for Natasha Lazo, Plaintiff's ten-year old cousin, at the Costco store in Port Chester, Westchester County, New York." Id. at par. 6. Plaintiffs allege that, on or about February 20, 2007, Plaintiff "C.C.," a minor child, "suddenly had her hand entrapped in the opening of the Oven while the Oven was activated" and, as a result, "her hand started to burn inside the Oven." Id. at par. 6.

5. Plaintiffs further allege that "[o]n July 19, 2007, the U.S. Consumer Product Safety Commission announced the recall of approximately 1,000,000 Easy Bake Ovens" because "young children could insert their hands into the oven's opening and get their hands or fingers caught, posing an entrapment or burn hazard." Exhibit A at par. 13. Plaintiffs contend that the Easy Bake Oven at issue in this action was "contained in the Recall." Id.

6. The Complaint includes the allegations that the "Defendants," e.g. Hasbro *and* Costco, are responsible for the "defective design, workmanship, construction, manufacture, marketing, testing and investigation" relating to the Easy Bake Oven. Exhibit A at par. 9, 12, 35. However, it is common knowledge that Costco is a retail store, not a manufacturer, and

2

based on the Complaint's own allegations, it is clearly evident that Costo did not design, manufacture or construct the subject Easy Bake Oven. Rather, Costco is alleged to have been the retail seller given the Complaint's allegation that the Oven in question was purchased at a Costco store. Exhibit A at par. 6.

7. The Complaint is comprised of the following nine causes of action that precede the Complaint's prayer for relief: (1) "Strict Liability and Product Liability, (2) "July 19, 2007 Recall of 1,000,000 Easy Bake Ovens," (3) "Breach of Express Warranties," (4) "Breach of Implied Warranty of Fitness," (5) "Implied Warranty of Merchantability," (6) "Willful and/or Negligent Infliction of Emotional Distress," (7) "Res Ipsa Loquitur," (8) "Damages," and (9) "Punitive Damages." Exhibit A at par. 7-46. The Complaint's prayer for relief seeks, among other things, "general damages," "compensatory damages," "consequential damages" and "punitive and exemplary damages." Id. at pp. 11-12.

8. Although Plaintiffs allege, as previously noted, that the Oven was purchased at a Costco store, the Complaint largely fails to distinguish between Costco and Hasbro. Instead, Plaintiffs contend that Hasbro *and* Costco designed and manufactured the Oven (See Exhibit A at par. 9, 12, 35) and all nine of the Complaint's causes of action are directed to "Defendants," i.e., to both Hasbro and Costco. Id. at pp. 3-11.

9. As discussed more fully in the accompanying Memorandum of Law submitted herewith in support of this motion, dismissal of the Complaint's punitive damages claims is warranted for at least two distinct reasons. First, the Complaint contains a cause of action for punitive damages which must be dismissed because no such cause of action may be pled under the applicable law of New York. Second, dismissal of the Plaintiffs' punitive damages claims is also warranted because the Complaint fails to plead any specific conduct by Hasbro or Costco

that can in any way be deemed sufficient to potentially impose punitive damages on those defendants.

10. As a result, Hasbro and Costco respectfully request that the Court enter an Order: (1) dismissing the Complaint's cause of action for punitive damages, (2) dismissing the Complaint's claims for punitive damages against Hasbro and Costco and (3) for such further and/or other relief as this Court may deem proper in the circumstances.

11. Oral argument with respect to this motion is respectfully requested.

12. Attached hereto as Exhibit B, for the Court's reference and convenience, is a true and correct copy of this Court's decision in Cerveceria Modelo, S.A. v. Maracs Modelo, S.A., 2008 U.S. Dist. LEXIS 28999 (S.D.N.Y), a decision that was reported in LEXIS but not published in the official reporter.

13. Attached hereto as Exhibit C, for the Court's reference and convenience, is a true and correct copy of this Court's decision in German v. Federal Home Loan Mortgage Corp., 1994 U.S. Dist. LEXIS 8716 (S.D.N.Y.), a decision that was reported in LEXIS but not published in the official reporter.

Dated: New York, New York
June 16, 2008

_____
Jeffrey J. Imeri (JI 3938)