UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALCIRA ORTIZ, AS NATURAL MOTHER AND
LEGAL GUARDIAN OF C.C., A MINOR CHILD,

                      Plaintiffs,                    Case No. 08-CV-2379 (SCR)

        - against -

HASBRO, INC., COSTCO, INC., and JOHN
DOES 1-15,

                      Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HASBRO, INC.'S AND COSTCO, INC.'S MOTION TO DISMISS THE COMPLAINT'S PUNITIVE DAMAGES CLAIMS

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
The Graybar Building
420 Lexington Avenue, Suite 335
New York, New York 10170
(212) 878-1700

Attorneys for Defendants
Hasbro, Inc. and Costco, Inc.

Of Counsel:
Jeffrey J. Imeri (JI 3938)

# TABLE OF CONTENTS

                                                                                     **Page**

TABLE OF AUTHORITIES………………………………………………………………ii

PRELIMINARY STATEMENT…………………………………………………………..1

STATEMENT OF FACTS………………………………………………………..……....1

ARGUMENT……………………………………………………………………………...3

      I.     MOTION TO DISMISS STANDARD………………………………………...3

      II.    THE COMPLAINT'S PUNTIVE DAMAGES CAUSE OF ACTION
             MUST BE DISMISSED BECAUSE NEW YORK LAW DOES NOT
             PERMIT SUCH A CAUSE OF ACTION………………………………….....4

      III.   PLAINTIFFS' PUNITIVE DAMAGES CLAIM MUST BE DISMISSED
             BECAUSE THE COMPLAINT FAILS TO PLEAD THE REQUISITE
             CONDUCT SUFFICIENT TO IMPOSE PUNITIVE DAMAGES……….....…6

CONCLUSION………………………………………………………………………….10

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                    **PAGE(S)**

Albert v. Carovano, 851 F.2d 561 (2d Cir. 1988).................................................4, 8, 10

Aronis v. TLC Vision Centers, Inc., 49 A.D.3d 576, 853 N.Y.S.2d 621
(2d Dept. 2008)..........................................................................................5, 6, 7, 8, 10

Cerveceria Modelo, S.A. v. Marcas Modelo, S.A., 2008 U.S. Dist. LEXIS
28999...........................................................................................................4, 6, 7, 8, 10

Clapp v. Greene, 743 F.Supp. 273 (S.D.N.Y. 1990)............................................4, 8, 10

Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957)........................................................4

Cosmas v. Hassett, 886 F.2d 8 (2d Cir. 1989)................................................................3

Dwyer v. Regan, 777 F.2d 825 (2d Cir. 1985)................................................................3

Fort Wayne Telsat v. Entertainment & Sports Prog. Network, 753 F.Supp. 109
(S.D.N.Y. 1990)..............................................................................................................4

German v. Federal Home Loan Mortgage Corp., 1994 U.S. Dist. LEXIS 8716
(S.D.N.Y.).....................................................................................................................5, 6

Greenbaum v. Handelsbanken, 979 F.Supp. 973 (S.D.N.Y. 1997)................................4

Hernandez v. Coughlin, 18 F.3d 133 (2d Cir. 1994)..........................................4, 8, 10

Home Ins. Co. v. American Home Products Corp., 75 N.Y.2d 196, 551
N.Y.S.2d 481 (1990).....................................................................................................7, 10

Krohn v. Agway Petroleum Corp., 168 A.D.2d 858, 564 N.Y.S.2d 797
(3d Dept. 1990).............................................................................................................6, 7

New York University v. Continental Ins. Co., 87 N.Y.2d 308, 639
N.Y.S.2d 283 (1995)........................................................................................................6

Randi A.J. v. Long Island Surgi-Center, 46 A.D.3d 74, 842
N.Y.S.2d 558 (2d Dept. 2007).................................................................................5, 7, 10

Rocanova v. Equitable Life Assur. Soc., 83 N.Y.2d 603, 617 N.Y.S.2d
339 (1994) ..............................................................................................5, 6, 7, 8, 10

Roginsky v. Richardson-Merrell, Inc., 378 F.2d 832 (1967)..........................................6

Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974)............................................3

Schuster v. Oppelman, 962 F.Supp. 394 (S.D.N.Y. 1997)..................................4, 8, 10

Sheppard v. Beerman, 18 F.3d 147 (2d Cir. 1994).....................................................4

Walker v. Sheldon, 10 N.Y.2d 401, 233 N.Y.S.2d 488 (1961)..............................7, 9


**STATUTES**                                                        **PAGE(S)**

Fed.R.Civ.P. 8(a)(2)..................................................................................3

Fed.R.Civ.P.12(b)(6)..........................................................................1, 3, 7

## PRELIMINARY STATEMENT

Defendants Hasbro, Inc. (hereinafter "Hasbro") and Costco, Inc. (hereinafter "Costco") respectfully submit this Memorandum of Law, along with the accompanying June 16, 2008 Declaration of Jeffrey J. Imeri, in support of their motion to dismiss the Complaint's punitive damages claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As discussed more fully below, dismissal of the Complaint's punitive damages claims is warranted for at least two distinct reasons. First, the Complaint contains a cause of action for punitive damages which must be dismissed because no such cause of action may be pled under the applicable law of New York. Second, dismissal of the Plaintiffs' punitive damages claims, whether or not asserted in a separate cause of action, is also warranted because the Complaint fails to plead any specific facts or conduct by Hasbro and Costco that can in any way be deemed sufficient to potentially impose punitive damages on those defendants.

As a result, Hasbro and Costco respectfully request that the Court enter an Order (1) dismissing the Complaint's cause of action for punitive damages, (2) dismissing the Complaint's claims seeking punitive damages against Hasbro and Costco and (3) for such further and/or other relief as this Court may deem proper in the circumstances.

Hasbro and Costco respectfully request oral argument with respect to this motion.

## STATEMENT OF FACTS

Plaintiffs filed their Complaint on March 7, 2008. Exhibit A.[1] The Complaint essentially asserts a product liability claim relating to a product known as the "Easy Bake Oven" which the Plaintiffs allege "was unreasonably dangerous to the users of the product and those around the

---

[1] All Exhibits referenced herein are attached to the June 16, 2008 Declaration of Jeffrey J. Imeri, submitted with this Memorandum of Law in support of Hasbro's and Costco's motion to dismiss the Complaint's punitive damages claims.

product." Id. at par. 8. Plaintiffs allege that Hasbro "was responsible for the design, manufacture, inspection, sale, distribution, and marketing of the Easy Bake Oven." Id. at par. 3. According to the Complaint, the Oven in question "was purchased as a Christmas present for Natasha Lazo, Plaintiff's ten-year old cousin, at the Costco store in Port Chester, Westchester County, New York." Id. at par. 6. Plaintiffs allege that, on or about February 20, 2007, Plaintiff "C.C.," a minor child, "suddenly had her hand entrapped in the opening of the Oven while the Oven was activated" and, as a result, "her hand started to burn inside the Oven." Id.

Plaintiffs further allege that "[o]n July 19, 2007, the U.S. Consumer Product Safety Commission announced the recall of approximately 1,000,000 Easy Bake Ovens" because "young children could insert their hands into the oven's opening and get their hands or fingers caught, posing an entrapment or burn hazard." Exhibit A at par. 13. Plaintiffs contend that the Easy Bake Oven at issue in this action was "contained in the Recall." Id.

The Complaint also includes the allegations that the "Defendants," e.g., Hasbro *and* Costco, were responsible for the "defective design, workmanship, construction, manufacture, marketing, testing and investigation" relating to the Easy Bake Oven. Exhibit A at par. 9, 12, 35. However, it is common knowledge that Costco is a retail store, not a manufacturer, and based on the Complaint's own allegations, it is clearly evident that Costo did not design, manufacture or construct the subject Easy Bake Oven. Rather, Costco is alleged in the Complaint to have been the retail seller given the Complaint's allegation that the Oven in question was purchased at a Costco store. Exhibit A at par. 6.

The Complaint is comprised of the following nine causes of action that precede the Complaint's prayer for relief: (1) "Strict Liability and Product Liability, (2) "July 19, 2007 Recall of 1,000,000 Easy Bake Ovens," (3) "Breach of Express Warranties," (4) "Breach of

Implied Warranty of Fitness," (5) "Implied Warranty of Merchantability," (6) "Willful and/or Negligent Infliction of Emotional Distress," (7) "Res Ipsa Loquitur," (8) "Damages," and (9) "Punitive Damages." Exhibit A at par. 7-46. The Complaint's prayer for relief seeks, among other things, "general damages," "compensatory damages," "consequential damages" and "punitive and exemplary damages." Id. at pp. 11-12.

Although Plaintiffs allege, as previously noted, that the oven was purchased at a Costco store, the Complaint largely fails to distinguish between Costco and Hasbro. Instead, Plaintiffs contend that Hasbro *and* Costco designed and manufactured the Oven (See Exhibit A at par. 9, 12, 35) and all nine of the Complaint's causes of action are directed to "Defendants," i.e., to both Hasbro and Costco. Id. at pp. 3-11.

## ARGUMENT

### I.   MOTION TO DISMISS STANDARD

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 12 of the Federal Rules of Civil Procedure, the sufficiency of a pleading may be challenged by the filing of a motion to dismiss for failure to state a cause of action. Fed.R.Civ.P. 12(b)(6).

On a Rule 12(b)(6) motion to dismiss, the factual allegations of the complaint are presumed to be true and all reasonable inferences must be drawn in the plaintiff's favor and against the defendants. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989); Dwyer v. Regan, 777 F.2d 825, 828-829 (2d Cir. 1985). A court should not dismiss a claim unless it appears beyond a reasonable