doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See, e.g., Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957); Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

However, a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. See, e.g., Fort Wayne Telsat v. Entertainment & Sports Prog. Network, 753 F.Supp. 109, 111 (S.D.N.Y. 1990). A court must only accept as true "well pleaded factual allegations" contained in the complaint. See, e.g., Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994); Schuster v. Oppelman, 962 F.Supp. 394, 396 (S.D.N.Y. 1997). Conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. See, e.g., Albert v. Carovano, 851 F.2d 561, 572 (2d Cir. 1988); Clapp v. Greene, 743 F.Supp. 273, 276 (S.D.N.Y. 1990).

## II. THE COMPLAINT'S PUNITIVE DAMAGES CAUSE OF ACTION MUST BE DISMISSED BECAUSE NEW YORK LAW DOES NOT PERMIT SUCH A CAUSE OF ACTION

As discussed more fully below, the Complaint's cause of action for punitive damages must be dismissed because no such cause of action may be pled under the applicable law of New York.

This Court has recognized that on questions of state law such as the applicable evidentiary standard for pleading and proving entitlement to punitive damages, the Court must look to the opinions of New York state courts. See, e.g., Greenbaum v. Handelsbanken, 979 F.Supp. 973, 978 (S.D.N.Y. 1997); Cerveceria Modelo, S.A. v. Marcas Modelo, S.A., 2008 U.S.

- 4 -

Dist. LEXIS 28999 at *16-20 (S.D.N.Y.); German v. Federal Home Loan Mortgage Corp., 1994 U.S. Dist. LEXIS 8716 at *13-14 (S.D.N.Y.).[2]

It is well-settled that New York courts do not recognize an independent cause of action for punitive damages. See, e.g., Rocanova v. Equitable Life Assur. Soc., 83 N.Y.2d 603, 617, 612 N.Y.S.2d 339, 344 (1994) ("there can be no separate cause of action for punitive damages"); Aronis v. TLC Vision Centers, Inc., 49 A.D.3d 576, 577, 853 N.Y.S.2d 621, 622 (2d Dept. 2008) ("New York does not recognize an independent cause of action for punitive damages"); Randi A.J. v. Long Island Surgi-Center, 46 A.D.3d 74, 80, 842 N.Y.S.2d 558, 564 (2d Dept. 2007) ("demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action"). This Court has acknowledged and enforced this rule by dismissing separate causes of action for punitive damages. See German, supra, 1994 U.S. Dist. LEXIS 8716 at *13-14. ("under New York law no separate cause of action for punitive damages may be pled").

Here, the Complaint's "Causes of Action" are set forth in pages 3 to 11 therein. Exhibit A, pp. 3-11. The Complaint improperly asserts "Punitive Damages" as a separate cause of action (Id. at p.11, par. 44-46) prior to the Complaint's prayer for relief which demands, among other things, "punitive and exemplary damages." (Id. at pp. 11-12). The Complaint therefore clearly runs afoul of the rule that no separate cause of action for punitive damages can be pled and it is respectfully submitted that the dismissal of that cause of action is required.

---

[2] Copies of the Cerveceria Modelo and German decisions, reported in LEXIS but not published in the official reporter, are attached for the Court's reference and convenience to the accompanying June 16, 2008 Declaration of Jeffrey J. Imeri as Exhibits B and C respectively.

### III. PLAINTIFFS' PUNITIVE DAMAGES CLAIM MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO PLEAD THE REQUISITE CONDUCT SUFFICIENT TO IMPOSE PUNITIVE DAMAGES

Separate and apart from the Complaint's improper assertion of a cause of action for punitive damages, dismissal of the Plaintiffs' punitive damages claims is also warranted because, as discussed more fully below, the Complaint fails to plead conduct by Hasbro and Costco that can in any way be deemed sufficient to potentially impose punitive damages on those defendants.

Under the law of New York, punitive damages are an extreme remedy that can only be allowed under exceptional circumstances. See, e.g., Roginsky v. Richardson-Merrell, Inc., 378 F.2d 832, 842-843 (1967) (conduct "that will give rise to punitive damages must be close to criminality" under New York law); Cerveceria Modelo, S.A. v. Marcas Modelo, S.A., 2008 U.S. Dist. LEXIS 28999 at *16-20 (S.D.N.Y.) (New York courts require "high moral culpability" by a defendant before imposing punitive damages). As a result, New York state and federal courts frequently grant motions to dismiss punitive damages claims prior to trial. See, e.g., Rocanova v. Equitable Life Assur. Soc., 83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994); New York University v. Continental Ins. Co., 87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995); Krohn v. Agway Petroleum Corp., 168 A.D.2d 858, 564 N.Y.S.2d 797 (3d Dept. 1990); Aronis v. TLC Vision Centers, Inc., 49 A.D.3d 576, 853 N.Y.S.2d 621 (2d Dep't 2008); Cerveceria Modelo, supra, 2008 U.S. Dist. LEXIS 28999; German v. Federal Home Loan Mortgage Corp., 1994 U.S. Dist. LEXIS 8716 (S.D.N.Y.).

New York's Court of Appeals has mandated that "[p]unitive or exemplary damages [can only be] allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as

others who might otherwise be so prompted, from indulging in similar conduct in the future." Walker v. Sheldon, 10 N.Y.2d 401, 403, 233 N.Y.S.2d 488, 489 (1961). Punitive damages are therefore countenanced by New York courts only "where the defendant's conduct evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply criminal indifference to civil obligations." Id. Conduct that warrants an award of punitive damages "need not be intentionally harmful but may consist of actions which constitute willful or wanton negligence or recklessness." Home Ins. Co. v. American Home Products Corp., 75 N.Y.2d 196, 204, 551 N.Y.S.2d 481, 485 (1990); see also Randi A.J. v. Long Island Surgi-Center, 46 A.D.3d 74, 80, 842 N.Y.S.2d 558, 564 (2d Dept. 2007). Such "wantonly negligent or reckless conduct" must be "sufficiently blameworthy" and the award of punitive damages "must advance a strong public policy of the State by deterring its future violation." See, e.g., Randi A.J., supra, 46 A.D.3d at 80, 842 N.Y.S.2d at 564.

A complaint which seeks punitive damages must therefore specifically allege conduct that satisfies New York's high threshold standard for allowing a punitive damages claim to proceed past the pleadings stage. See, e.g., Cerveceria Modelo, supra, 2008 U.S. Dist. LEXIS 28999 at *16-20 (punitive damages claim dismissed pursuant to Rule 12(b)(6) because complaint failed to sufficiently allege malicious conduct necessary to satisfy the "high moral culpability" required by New York state and federal courts); Rocanova, supra, 83 N.Y.2d at 613-615, 612 N.Y.S.2d at 342-344 (defendant's pre-answer motion to dismiss plaintiff's punitive damages claim granted because the complaint failed to satisfy New York's stringent requirements with respect to punitive damages claims); Aronis, supra, 49 A.D.3d at 577, 853 N.Y.S.2d at 622 (defendant's pre-answer motion to dismiss granted because the complaint failed to allege the "level of moral culpability necessary to support a claim for punitive damages"); Krohn, supra,

168 A.D.2d at 859, 564 N.Y.S.2d at 799 (plaintiff's "claims for punitive damages ... grounded on breach of warranty and negligence" are properly dismissed in summary fashion prior to trial).

A pleading's conclusory allegations that a party "engaged in improper and unjustified conduct are not sufficient to support a claim for punitive damages." Cerveceria Modelo, supra, 2008 U.S. Dist. LEXIS 28999 at *19. In addition, a complaint's mere allegations of improper or "bad faith" conduct by a defendant are insufficient to avoid dismissal of a punitive damages claim. Rocanova, supra, 83 N.Y.2d at 615, 612 N.Y.S.2d at 344. Further, even if a pleading uses "inflammatory language directed to [plaintiff's] claim for punitive damages," when such "allegations amount to nothing more than mere negligence," plaintiff's punitive damages claim must be dismissed. Aronis, supra, 49 A.D.3d at 577, 853 N.Y.S.2d at 622. These principles are consistent with the pleading principles in this Court and in this Circuit, i.e., federal courts should only accept as true "well pleaded factual allegations" contained in the complaint and conclusory allegations that merely state general legal conclusions are insufficient to avoid a pleading's dismissal. See, e.g., Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994); Schuster v. Oppelman, 962 F.Supp. 394, 396 (S.D.N.Y. 1997); Albert v. Carovano, 851 F.2d 561, 572 (2d Cir. 1988); Clapp v. Greene, 743 F.Supp. 273, 276 (S.D.N.Y. 1990).

In the case at bar, the Complaint fails to sufficiently state a claim for punitive damages against Hasbro and Costco. The following allegations are, in relevant part, at the core of the Complaint:

   a) Hasbro was "responsible for the design, manufacture, inspection, sale, distribution and marketing of the Easy Bake Oven" (Exhibit A at par. 3);
   b) Costco "was doing business in New York in its retail store located at One Westchester Avenue, Port Chester, New York 10573" (Id. at par. 4);
   c) The Easy Bake Oven was purchased at a Costco store in December of 2006 (Id. at par. 6);

- d) On or about February 20, 2007, a dangerous, negligent and/or defective condition existed with the product which caused injury to the minor Plaintiff (Id. at par. 6-8);
- e) "On July 19, 2007, the U.S. Consumer Products Safety Commission announced the recall of approximately 1,000,000 Easy Bake Ovens" because "young children could insert their hands into the oven's opening and get their hands or fingers caught, posing an entrapment or burn hazard" (Id. at par. 13);
- f) "the *defendants* designed and manufactured the product ..." (Id. at par. 9, 12, 35); and
- g) The injuries were caused by the "design and operational defects of [the] product" existing at the time it was designed, manufactured, constructed, inspected, tested and sold by the *defendants* (Id. at par. 9, 12, 14, 35).

The complaint therefore sets forth customary product liability allegations and the Plaintiffs' claims are essentially rooted in product liability. Plaintiffs simply allege that a product was defectively designed and/or manufactured and that such defect(s) caused injury, which led to the subsequent recall of the product. The Complaint fails, however, to identify or allege any conduct by Hasbro or Costco which could conceivable give rise to a punitive damages claim.[3] Nowhere in the Complaint do Plaintiffs allege any facts to support a claim that Hasbro and Costco acted with a "high degree of moral turpitude" such as to "demonstrate wanton dishonesty and "criminal indifference to civil obligations." See Walker v. Sheldon, 10 N.Y.2d 401, 403, 233 N.Y.S.2d 488, 489 (1961). Moreover, the Complaint fails to allege any facts to support any "wantonly negligent or reckless conduct" that would be "sufficiently blameworthy" to support a

---

[3] Indeed, the Complaint's previously mentioned failure to distinguish its allegations between Hasbro and Costco, given the Complaint's concession that Costco is simply a "retail store," hence, did nothing more than sell an allegedly defective product, calls into serious doubt whether Plaintiffs' allegations against Costco are even sufficient to support a product liability claim, let alone a punitive damages claim.

claim for punitive damages.[4]  See Home Ins. Co. v. American Home Products Corp., supra, 75 N.Y.2d at 204, 551 N.Y.S.2d at 485; Randi A.J., supra, 46 A.D.3d at 80, 842 N.Y.S.2d at 564.

Instead, the Plaintiffs merely allege, in a conclusory fashion, that "the acts of the Defendants were intentional, willful, wanton, insensitive, careless, reckless and grossly negligent." Exhibit A at par. 43.  As discussed above, conclusory allegations of this type are insufficient to support a claim for punitive damages and cannot withstand a motion to dismiss such a claim.  See Hernandez, supra, 18 F.3d at 136; Schuster, supra, 962 F.Supp. at 396; Albert, supra, 851 F.2d at 572; Clapp, supra, 743 F.Supp. at 276; Cerveceria Modelo, supra, 2008 U.S. Dist. LEXIS 28999 at *19; Rocanova, supra, 83 N.Y.2d at 615, 612 N.Y.S.2d at 344; Aronis, supra, 49 A.D.3d at 577, 853 N.Y.S.2d at 622.

## CONCLUSION

Plaintiffs' Complaint improperly asserts a separate cause of action for punitive damages which must be dismissed under the applicable law of New York and the prior decisions of this Court.  In addition, Plaintiffs' punitive damages claims should also be dismissed, regardless of whether they are asserted in a separate cause of action or as an element of Plaintiffs' alleged damages, because the Complaint fails to sufficiently allege any conduct by Hasbro or Costco which could give rise to the imposition of punitive damages against those defendants.

For all the foregoing reasons, as well as those set forth in the accompanying Declaration of Jeffrey J. Imeri, dated June 16, 2008, Hasbro and Costco respectfully request that the Court enter an Order (1) dismissing the Complaint's cause of action for punitive damages, (2)

---

[4]  In fact, Plaintiffs' own allegation that there was a recall of the Easy Bake Oven on July 19, 2007, nearly five months *after* the date of the alleged accident (February 20, 2007), underscores the impropriety of the Complaint's claims for punitive damages against Hasbro and Costco.  Exhibit A at par. 6, 13.

dismissing the Complaint's claims seeking punitive damages against Hasbro and Costco and (3) for such further and/or other relief as this Court may deem proper in the circumstances.

Dated: New York, New York
      June 16, 2008

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
Jeffrey J. Imeri (JI 3938)
Attorneys for Defendants
Hasbro, Inc. and Costco, Inc.
The Graybar Building
420 Lexington Avenue, Suite 335
New York, New York 10170