UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALCIRA ORTIZ, AS NATURAL MOTHER AND
LEGAL GUARDIAN OF C.C., A MINOR CHILD,

                    Plaintiffs,                    Case No. 08-CV-2379 (SCR)

        - against -

                                              **ANSWER**

HASBRO, INC., COSTCO, INC., and JOHN
DOES 1-15,

                    Defendants.
------------------------------------------------------------------X

       Defendants Hasbro, Inc. (hereinafter "Hasbro") and Costco, Inc. (hereinafter "Costco") [collectively "Defendants"], by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, as and for their Answer to Plaintiffs' Complaint dated March 7, 2008, allege, upon information and belief, as follows:

       1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first paragraph of the Complaint and refer all questions of law to the Court.

       2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph of the Complaint.

       3.      Deny the allegations set forth in the third paragraph of the Complaint in the form alleged and refer all questions of law to the Court except admit that Hasbro is a corporation organized and existing under the laws of the state of Rhode Island with its principal place of business in the state of Rhode Island and that Hasbro is in the business of designing, manufacturing, selling and marketing games and toys, including a product known as the "Easy Bake Oven."

- 2 -

4.      Deny the allegations set forth in the fourth paragraph of the Complaint in the form alleged and refer all questions of law to the Court except admit that Costco is a corporation with its principal place of business in the state of Washington and that one of Costco's retail stores is located in Port Chester, New York.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth paragraph of the Complaint and refer all questions of law to the Court.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the sixth paragraph of the Complaint except deny the allegation that "[t]he incident was a result of the concurrent negligence and/or reckless conduct of the named Defendants whose acts and/or omissions acted in concert resulting in the entrapment and the Plaintiff's injuries" and refer all questions of law to the Court.

7.      Deny the allegations set forth in the seventh paragraph of the Complaint and refer all questions of law to the Court.

8.      Deny the allegations set forth in the eighth paragraph of the Complaint and refer all questions of law to the Court.

9.      Deny the allegations set forth in the ninth paragraph of the Complaint and refer all questions of law to the Court.

10.     Deny the allegations set forth in the tenth paragraph of the Complaint and refer all questions of law to the Court.

11.     Deny the allegations set forth in the eleventh paragraph of the Complaint in the form alleged and refer all questions of law to the Court.

12. Deny the allegations set forth in the twelfth paragraph of the Complaint and refer all questions of law to the Court.

13. Deny the allegations set forth in the thirteenth paragraph of the Complaint in the form alleged and refer all questions of law to the Court.  Defendants object to the allegations set forth in said paragraph on the grounds that said allegations are not facts that relate to the cause and happening of the alleged accident and injuries for which damages are claimed in this action, hence, are inadmissible.  The averments in this paragraph appear to have been taken selectively from a News Release issued by the United States Consumer Products Safety Commission ("CPSC"), Office of Information and Public Affairs, a copy of which is attached to Plaintiffs' Complaint as Exhibit A.  However, the averments in this paragraph do not accurately reflect the content of the News Release.  Further, Plaintiffs have advised that the Easy Bake Oven which Plaintiffs claim to have been used by the minor Plaintiff has been discarded by the owners of said Oven, hence, Defendants are without present knowledge or information sufficient to admit or deny the allegations that Plaintiffs' "cousin's Oven" was part of the recall.  As a result, Defendants must deny this allegation and demand proof at trial.

14. Deny the allegations set forth in the fourteenth paragraph of the Complaint and refer all questions of law to the Court.

15. Deny the allegations set forth in the fifteenth paragraph of the Complaint and refer all questions of law to the Court.

16. Deny the allegations set forth in the sixteenth paragraph of the Complaint and refer all questions of law to the Court.

17. Deny the allegations set forth in the seventeenth paragraph of the Complaint and refer all questions of law to the Court.

18. Deny the allegations set forth in the eighteenth paragraph of the Complaint and refer all questions of law to the Court.

19. Deny the allegations set forth in the nineteenth paragraph of the Complaint and refer all questions of law to the Court.

20. Deny the allegations set forth in the twentieth paragraph of the Complaint and refer all questions of law to the Court.

21. Deny the allegations set forth in the twenty-first paragraph of the Complaint and refer all questions of law to the Court.

22. Deny the allegations set forth in the twenty-second paragraph of the Complaint and refer all questions of law to the Court.

23. Deny the allegations set forth in the twenty-third paragraph of the Complaint and refer all questions of law to the Court.

24. Deny the allegations set forth in the twenty-fourth paragraph of the Complaint in the form alleged and refer all questions of law to the Court.

25. Deny the allegations set forth in the twenty-fifth paragraph of the Complaint and refer all questions of law to the Court.

26. Deny the allegations set forth in the twenty-sixth paragraph of the Complaint and refer all questions of law to the Court.

27. Deny the allegations set forth in the twenty-seventh paragraph of the Complaint and refer all questions of law to the Court.

28. Deny the allegations set forth in the twenty-eighth paragraph of the Complaint and refer all questions of law to the Court.

- 5 -

29. Deny the allegations set forth in the twenty-ninth paragraph of the Complaint in the form alleged and refer all questions of law to the Court.

30. Deny the allegations set forth in the thirtieth paragraph of the Complaint in the form alleged and refer all questions of law to the Court.

31. Deny the allegations set forth in the thirty-first paragraph of the Complaint and refer all questions of law to the Court.

32. Deny the allegations set forth in the thirty-second paragraph of the Complaint and refer all questions of law to the Court.

33. Deny the allegations set forth in the third-third paragraph of the Complaint and refer all questions of law to the Court.

34. Deny the allegations set forth in the thirty-fourth paragraph of the Complaint and refer all questions of law to the Court.

35. Deny the allegations set forth in the thirty-fifth paragraph of the Complaint and refer all questions of law to the Court.

36. Deny the allegations set forth in the thirty-sixth paragraph of the Complaint and refer all questions of law to the Court.

37. Deny the allegations set forth in the thirty-seventh paragraph of the Complaint and refer all questions of law to the Court.

38. Deny the allegations set forth in the thirty-eighth paragraph of the Complaint and refer all questions of law to the Court.

39. Deny the allegations set forth in the thirty-ninth paragraph of the Complaint and refer all questions of law to the Court.

40. Deny the allegations set forth in the fortieth paragraph of the Complaint and refer all questions of law to the Court.

41. Deny knowledge or information sufficient to form a belief as to the allegations set forth in the forty-first paragraph of the Complaint and refer all questions of law to the Court.

42. Deny the allegations set forth in the forty-second paragraph of the Complaint and refer all questions of law to the Court.

43. Deny the allegations set forth in the forty-third paragraph of the Complaint and refer all questions of law to the Court.

44. Pursuant to the July 18, 2008 Stipulation and Order in this Action, no response to the allegations set forth in the forty-fourth paragraph of the Complaint is necessary because Plaintiffs' claims for punitive and/or exemplary damages have been dismissed.

45. Pursuant to the July 18, 2008 Stipulation and Order in this Action, no response to the allegations set forth in the forty-fifth paragraph of the Complaint is necessary because Plaintiffs' claims for punitive and/or exemplary damages have been dismissed.

46. Pursuant to the July 18, 2008 Stipulation and Order in this Action, no response to this allegations set forth in the forty-fifth paragraph of the Complaint is necessary because Plaintiffs' claims for punitive and/or exemplary damages have been dismissed.

## AFFIRMATIVE DEFENSES

47. In the absence of any discovery in this action and due to the time constraints for the filing of this Answer, Defendants have insufficient information to determine the existence of or the specific applicability of certain affirmative defenses and/or counterclaims which it is required by

the Federal Rules of Civil Procedure to raise at the time of filing of the Answer to the Complaint.[1] In consideration of the procedural rule and without waiver of their right to amend and/or supplement their affirmative defenses, Defendants hereby raise the following initial affirmative defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. The Complaint fails to state a claim against Defendants upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. Plaintiffs have failed to join all necessary parties in this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50. The injuries and damages claimed by Plaintiffs resulted from acts, omissions, failures to act, negligence, and/or liability producing conduct of persons or parties other than Defendants and over whom Defendants had no control or right of control, including but not limited to allowing a child of the minor Plaintiff's age to play with the Easy Bake Oven in question.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51. Plaintiffs' alleged injuries, damages and losses were caused in whole or in part by the negligence of Plaintiff Alcira C. Ortiz and such conduct may bar or reduce any recovery.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52. If any product sold by Defendants was involved in the alleged incident, then the proximate cause of the alleged incident and any alleged injury, damage, or loss sustained by Plaintiffs was or may have been due to a substantial change, modification and/or alteration of the product after it left the possession of Defendants.

---

[1] For example, the Complaint alleges that the minor Plaintiff was under the age of seven at the time of the alleged incident described in the Complaint. Defendants reserve the right to amend their pleadings to assert additional defenses that may apply if it is learned that the factual allegations in the Complaint are incorrect.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53. If any product sold by Defendants was involved in the alleged incident, then the proximate cause of the alleged incident and any alleged injuries, damages, or losses allegedly sustained by Plaintiffs was the improper, abnormal, unforeseeable and/or unintended use and/or abuse or misuse of the product.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

54. Some or all of the damages claimed are not recoverable under applicable law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

55. Plaintiffs failed to take all reasonable measures to reduce, mitigate and/or minimize the damages alleged.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

56. Defendants cannot be held vicariously liable to the Plaintiffs for acts and/or omissions of third parties who are not the agents, servants and/or employees of the Defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

57. Plaintiffs claims are barred and/or limited, in whole or in part, by the doctrine and principles of assumption of the risk.

**WHEREFORE**, Defendants Hasbro, Inc. and Costco, Inc. demand judgment in their favor as follows:

(a) dismissal of the Complaint,

(b) the costs and disbursements of this action, including attorneys' fees, and

(c) such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 1, 2008

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN & GOGGIN


                By:  */s/ Jeffrey J. Imeri*
                    Jeffrey J. Imeri (JI 3938)
                    Attorneys for Defendants
                    Hasbro, Inc. and Costco, Inc.
                    The Graybar Building
                    420 Lexington Avenue, Suite 335
                    New York, New York 10170
                    (212) 878-1700


TO:
    Yovendra Mangal, Esq.
    Del Carmen & Mangal, P.C.
    Attorneys for Plaintiffs
    87-87 Francis Lewis Boulevard, 2nd Floor
    Queens Village, NY 11427
    (718) 464-4443

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALCIRA ORTIZ, AS NATURAL MOTHER AND
LEGAL GUARDIAN OF C.C., A MINOR CHILD,

                Plaintiffs,                Case No. 08-CV-2379 (SCR)

      - against -

HASBRO, INC., COSTCO, INC., and JOHN
DOES 1-15,

                Defendants.
------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of Defendant Hasbro, Inc.'s and Costco, Inc.'s Answer to Plaintiffs' Complaint to be filed electronically via the Court's Electronic Filing System, from which it is immediately available to counsel.

Dated:  New York, New York
          August 1, 2008

                                  MARSHALL, DENNEHEY, WARNER,
                                  COLEMAN & GOGGIN


                           By:  */s/ Jeffrey J. Imeri*
                               Jeffrey J. Imeri (JI 3938)
                               Attorneys for Defendants
                               Hasbro, Inc. and Costco, Inc.
                               The Graybar Building
                               420 Lexington Avenue, Suite 335
                               New York, New York 10170
                               (212) 878-1700